

U.S. Department of Justice

S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Ste. 600          (503) 727-1000
Portland, OR  97204-2902               Fax: (503) 727-1117

July 16, 2012

Harold DuCloux, III
Assistant Federal Public Defender

    Re:    *United States v. William Floyd Moore*
           97-CR-195-HA, 11-CR-375-HA, 11-CR-379-HA
           Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to and admit the following:

    A.    Count One of the Indictment in Case Number 11-CR-375-HA, charging a single count of unarmed bank robbery in violation of Title 18, United States Code, Section 2113(a).

           Unarmed bank robbery carries a maximum penalty of 20 years in prison, a $250,000.00 fine, two to three years of supervised release, mandatory restitution, and a mandatory fee assessment of $100.00. Defendant agrees to pay the $100.00 fee assessment by the time of entry of guilty plea or explain to the court why this cannot be done.

    B.    Count One of the Indictment in Case Number 11-CR-379-HA, charging the crime of Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1), 924(e)(1) and 924(d).

           The parties agree that defendant is an Armed Career Criminal as defined in Title 18, United States Code, Section 924(e)(1). Such a violation is punishable by a mandatory minimum term of imprisonment of fifteen years, a fine of up to $250,000, five years of supervised release and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

Revised 7-21-08

Harold DuCloux, III
*United States v. Wiliam Floyd Moore*
97-CR-195-HA, 11-CR-375-HA, 11-CR-379-HA
Plea Agreement Letter
Page 2

        Defendant further stipulates to the forfeiture or abandonment, as appropriate, of the firearm as set forth below.

   C.   Defendant agrees to admit a violation of supervised release in Case Number 97-CR-195-HA, alleging the commission of new criminal conduct as alleged above.

        Such a violation is punishable by period of imprisonment of up to 36 months and a term of reimposed supervision. A reimposition of supervised release is precluded if the court imposes the maximum term of imprisonment.

   D.   For purposes of the imposition of restitution only, defendant agrees to admit responsibility for bank robberies identified below:

       1.   07/23/2011 Chase Bank in Fred Meyer, 7700 NE HWY 99, Vancouver, Washington, $7,000;
       2.   05/12/2011 Chase Bank in Fred Meyer, 1839 Molalla Avenue, Oregon City, $2,291;
       3.   09/08/2011 US Bank in Albertsons, 10830 SE Oak, Milwaukie, 2,315.

        If defendant admits the foregoing bank robberies, the government specifically agrees not to charge defendant with the commission of those incidents in any way. If defendant does not, the government remains free to continue its investigation and, if warranted, charge defendant

4.   **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement, except as provided herein at Paragraph 3, part D, above.

5.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard. The parties agree to the following:

Harold DuCloux, III
*United States v. Wiliam Floyd Moore*
97-CR-195-HA, 11-CR-375-HA, 11-CR-379-HA
Plea Agreement Letter
Page 3

    A.    Unarmed Bank Robbery, Case Number 11-CR-375-HA:

Pursuant to U.S.S.G § 4B1.1, the parties agree that defendant is a career offender and the instant offense is a qualifying offense of 20 - 25 years, advising that defendant's offense level should be 32 and that defendant's criminal history score should be Category VI.

    b.    Felon in Possession of a Firearm, Case Number 11-CR-379-HA:

The parties agree that defendant is an Armed Career Criminal as defined in Title 18, United States Code, Sections 924(e)(1), requiring a mandatory minimum sentence of 15 years imprisonment. Pursuant to U.S.S.G. § 4B1.4(b)(2), cross referencing U.S.S.G. § 4B1.1,, the parties anticipate that defendant's base offense level should be 37 and that defendant's criminal history score should be Category VI, yeilding an advisory guideline range of 262-327 months.

7.    **Acceptance of Responsibility**: To the extent applicable, and for calculations purposes only, defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.    **Sentencing Recommendation**: The parties agree to recommend defendant be sentenced to a term of imprisonment of 15 years followed by a term of five years supervised release, calculated as follows:

    a.    Unarmed Bank Robbery, Case Number 11-CR-375-HA:

Following application of a reduction for acceptance of responsibility, defendant's applicable advisory guideline range is 151 - 188 months. The parties recommend defendant be sentenced to a term of imprisonment of 151 months.

    B.    Supervised Release Violation, Case Number 97-CR-195-HA

Harold DuCloux, III
*United States v. Wiliam Floyd Moore*
97-CR-195-HA, 11-CR-375-HA, 11-CR-379-HA
Plea Agreement Letter
Page 4

        The parties recommend defendant receive a sanction of 24 months with no reimposition of supervised release.

    C.    The parties agree to recommend that the sentences above be ordered to run consecutive to each other for a total term of imprisonment of 175 months.

    D.    Felon in Possession of a Firearm, Case Number 11-CR-379-HA:

        The parties agree that defendant is an Armed Career Criminal as defined in Title 18, United States Code, Sections 924(e)(1), requiring a mandatory minimum sentence of 15 years imprisonment. The parties further agree to recommend that defendant serve this term of imprisonment concurrently with any other term of imprisonment ordered by the court.

9.    **Abandonment of Firearm(s)/Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to the firearm(s) associated with this case.

10.    **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

11.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of

Revised 7-21-08

Harold DuCloux, III
*United States v. Wiliam Floyd Moore*
97-CR-195-HA, 11-CR-375-HA, 11-CR-379-HA
Plea Agreement Letter
Page 5

the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

///

///

///

///

Revised 7-21-08

Harold DuCloux, III
*United States v. Wiliam Floyd Moore*
97-CR-195-HA, 11-CR-375-HA, 11-CR-379-HA
Plea Agreement Letter
Page 6

15. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

GREGORY R. NYHUS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7-16-2011
Date

Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/16/11
Date

Attorney for Defendant

Revised 7-21-08